UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| PHILIP SMITH, | ) |
| | ) |
| Plaintiff, | ) CIVIL ACTION |
| | ) FILE NO. _____ |
| v. | ) |
| | ) **JURY TRIAL REQUESTED** |
| CUNNINGHAM LINDSEY | ) |
| U.S., INC., | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

Plaintiff Philip Smith ("Plaintiff" or "Mr. Smith") files this complaint against Defendant Cunningham Lindsey U.S., Inc. ("Defendant" or "CLUS"), alleging as follows:

### INTRODUCTION

1. Mr. Smith was formerly employed by Defendant as a District Manager for Georgia, South Carolina, and North Carolina.

2. Mr. Smith is sixty-six (67) years old.

3. Mr. Smith brings this action under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et. seq.*; Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et. seq*. ("Title VII"); and 42 U.S.C. § 1981. Plaintiff asserts claims for age discrimination under the ADEA and gender

1

discrimination under Title VII.  Plaintiff seeks injunctive and declaratory relief, back pay and lost benefits, front pay or reinstatement to a full-time position with commensurate benefits, compensatory damages, liquidated damages, punitive damages, and attorneys' fees and costs of litigation.

## JURISDICTION AND VENUE

4.  Jurisdiction of this Court is invoked pursuant to 42 U.S.C. § 2000e-5(f)(3), 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1343 (civil rights).

5.  The unlawful violations of Plaintiff's civil rights were committed within the Northern District of Georgia.  This Court is an appropriate venue for all of Plaintiff's claims under 28 U.S.C. § 1391(b) and 42 U.S.C. §2000e-5(f)(3) because all of the parties reside within the Northern District of Georgia and all or a substantial majority of the events giving rise to Plaintiff's claims occurred in this judicial district.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

6.  Plaintiff satisfied all administrative prerequisites to perfect his claims under the ADEA and Title VII.  Specifically, Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), and the EEOC issued a notice of right to sue.

7. Plaintiff brings this suit within ninety (90) days of receipt of his notice of right to sue.

## THE PARTIES

8. Mr. Smith is a Caucasian male citizen of the United States and resides in the Northern District of Georgia.

9. Mr. Smith was an "employee" of Defendant within the meaning of 42 U.S.C. § 2000e.

10. Defendant is a for-profit corporation registered to do business in the State of Georgia and is therefore subject to this Court's jurisdiction.

11. Defendant is an "employer" within the meaning of 42 U.S.C. § 2000e.

12. Defendant is a covered employer under the ADEA and Title VII.

13. Defendant may be served with summons and a copy of the Complaint in this action by delivering process to its registered agent for service of process, Corporation Service Company, 40 Technology Parkway South, Suite 300, Norcross, Ga, 30092.

## STATEMENT OF FACTS

14. Defendant employed Mr. Smith from approximately October 26, 2005 until his termination on January 6, 2016.

15. At the time of his termination, Mr. Smith was the District Manager overseeing Georgia, South Carolina, and North Carolina for Defendant.

16. As a District Manager, Mr. Smith successfully improved both the quality and profitability of the offices under his management.

17. Each year that Mr. Smith received a performance review, his reviews were very good to excellent.

18. In late 2013, CLUS hired Tina Mallie as Chief Operations Officer, and later promoted her to Chief Executive Officer of the company.

19. Soon after CLUS hired Ms. Mallie, she commented to Mr. Smith that she had problems in her previous position with "60-year-old males."

20. After her promotion, Ms. Mallie prioritized age and gender in her hiring decisions.

21. Soon thereafter, Mr. Smith began to observe efforts to force him out of his position.

22. Mr. Smith's supervisors prevented him from retaining employees who had received offers to go elsewhere.

23. Mr. Smith's supervisors also prevented him from making offers to hire qualified potential employees.

24. Mr. Smith's supervisors also eliminated positions under his management.

25. As a result of these undermining efforts, the business performance of Mr. Smith's district began to decline.

26. Over the course of this period, at national meetings and other events attended by Mr. Smith and Ms. Mallie, Ms. Mallie repeated her comment about "60-year-old white men" several times, as observed by several witnesses.

27. Regarding a potential project, Ms. Mallie was overheard to say "that would be hard for a 60-year-old white male to do."

28. Ms. Mallie left CLUS in August 2014, but those she left behind continued her discriminatory animus toward older white males.

**MR. SMITH ENGAGES IN PROTECTED SPEECH**

29. On November 12, 2015, Mr. Smith sent an email to his manager, David Guaragna, in which he specifically complained about his concerns regarding age discrimination within CLUS.

30. In that email, Mr. Smith specifically referenced an interview he had with Tina Mallie for another management position, after which Ms. Mallie hired a considerably younger woman.

31. On December 10, 2015, Mr. Smith wrote to Domenick DiCicco, General Counsel for CLUS, to express concerns regarding changes to the company's bonus structure.

32. In this communication, Mr. Smith made specific reference again to his interview with Tina Mallie and advised that he had expressed these concerns to his supervisor, including the issue of age discrimination.

33. Soon thereafter, CLUS advised Mr. Smith that his position was being "eliminated."

34. In fact, CLUS did not eliminate his position.

35. CLUS replaced Mr. Smith with a younger, less experience man.

## COUNT I
### AGE DISCRIMINATION IN VIOLATION OF THE ADEA

36. Mr. Smith incorporates by reference all of the preceding paragraphs of the Complaint.

37. Mr. Smith is sixty-seven years old and, at all relevant times, was an employee protected by the ADEA.

38. At the time of his termination, Mr. Smith was more than qualified for the position he held, District Manager, having performed the same or similar positions over the course of his 43-year career in insurance.

39. Mr. Smith's supervisors, including but not limited to Tina Mallie, harbored a discriminatory animus toward older employees and openly made ageist remarks to employees.

40. Upon assuming the role of CEO of CLUS, Ms. Mallie began to systematically discriminate against older employees by undermining their performance, denying them promotions and opportunities for advancement, failing to hire them, and terminating their employment.

41. After Ms. Mallie left the company, others continued her discrimination against older employees.

42. Ms. Mallie and others at CLUS discriminated against Mr. Smith in violation of the ADEA by taking adverse actions against him, including but not limited to undermining his performance and district; failing to consider him for promotions, advancement, or other opportunities within the company; and by terminating his employment.

43. Mr. Smith was replaced by a younger individual or individuals outside of his protected class.

44. In undermining Mr. Smith's performance, denying him opportunities for promotion and advancement, and terminating his employment, CLUS knowingly and intentionally discriminated against Mr. Smith on account of his age.

45. In taking these adverse actions against Mr. Smith, CLUS unlawfully discriminated against him on the basis of his age in violation of the ADEA.

46. Mr. Smith is entitled to an award of back pay and benefits, front pay, liquidated damages, injunctive relief, attorneys' fees, and all other appropriate damages, remedies, and other relief available under the ADEA and all federal statutes providing remedies for violations of the ADEA.

## COUNT II
## GENDER DISCRIMINATION IN VIOLATION OF TITLE VII

47. Mr. Smith incorporates by reference all of the preceding paragraphs of the Complaint.

48. Mr. Smith is a member of a protected class because of his gender, male.

49. In undermining Mr. Smith's performance, denying him opportunities for promotion and advancement, and terminating his employment, CLUS knowingly and intentionally discriminated against Mr. Smith on account of his gender.

50. In taking these adverse actions against Mr. Smith, Defendant unlawfully discriminated against Mr. Smith on the basis of sex in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq*.

51. At all times relevant to this action, Defendant knew about top management's sexist comments to Mr. Smith and others but failed to take immediate remedial action to protect Mr. Smith.

52. Moreover, Ms. Smith complained to his supervisors about gender discrimination and no remedial action was taken to correct the environment.

53. Instead, Defendant allowed the gender discrimination to go unchecked, ultimately terminating Mr. Smith.

54. Defendant willfully and wantonly disregarded Mr. Smith's rights, and Defendant's discrimination against Mr. Smith was undertaken in bad faith.

55. Defendant acted maliciously, willfully, wantonly, oppressively, or recklessly toward Plaintiff, authorizing a punitive damages award against Defendant under Title VII.

56. As a result of Defendant's unlawful actions, Mr. Smith is entitled to an award of back pay and benefits, compensatory and punitive damages, injunctive relief, attorney's fees, and all other appropriate damages, remedies, and other relief available under Title VII and all federal statutes providing remedies for violations of Title VII.

## COUNT III
## <u>RACE DISCRIMINATION IN VIOLATION OF TITLE VII</u>

57. Mr. Smith incorporates by reference all of the preceding paragraphs of the Complaint.

58. Mr. Smith is a member of a protected class because of his race, Caucasian.

59. In undermining Mr. Smith's performance, denying him opportunities for promotion and advancement, and terminating his employment, CLUS knowingly and intentionally discriminated against Mr. Smith on account of his race.

60. In taking these adverse actions against Mr. Smith, Defendant unlawfully discriminated against Mr. Smith on the basis of race in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq*.

61. At all times relevant to this action, Defendant knew about top management's racist comments to Mr. Smith and others but failed to take immediate remedial action to protect Mr. Smith.

62. Moreover, Ms. Smith complained to his supervisors about race discrimination and no remedial action was taken to correct the environment.

63. Instead, Defendant allowed the race discrimination to go unchecked, ultimately terminating Mr. Smith.

64. Defendant willfully and wantonly disregarded Mr. Smith's rights, and Defendant's discrimination against Mr. Smith was undertaken in bad faith.

65. Defendant acted maliciously, willfully, wantonly, oppressively, or recklessly toward Plaintiff, authorizing a punitive damages award against Defendant under Title VII.

66. As a result of Defendant's unlawful actions, Mr. Smith is entitled to an award of back pay and benefits, compensatory and punitive damages, injunctive relief, attorney's fees, and all other appropriate damages, remedies, and other relief available under Title VII and all federal statutes providing remedies for violations of Title VII.

## COUNT IV
### RACE DISCRIMINATION IN VIOLATION OF 42 U.S.C. § 1981

67. Mr. Smith is Caucasian.

68. At all times material to this Complaint, Plaintiff and Defendant were parties to an employment agreement under which Plaintiff worked for CLUS and Defendant compensated him for his work.

69. Mr. Smith performed his contractual obligations.

70. 42 U.S.C. § 1981 prohibits Defendant from discriminating against Mr. Smith on the basis of his race with regard to the making and enforcing of employment agreements.

71. The above-pled discriminatory conduct toward Mr. Smith, including, but not limited to, undermining Mr. Smith's performance, denying him opportunities for promotion and advancement, and terminating his employment, constitutes unlawful race discrimination against Plaintiff in the terms and conditions of his employment in violation of 42 U.S.C. § 1981.

72. As a direct and proximate result of Defendant's unlawful violations, Mr. Smith has suffered lost compensation and other benefits of employment, emotional distress, inconvenience, loss of income, humiliation, and other indignities.

73. Defendant undertook its conduct intentionally and maliciously with respect to Plaintiff and his federally protected rights, or additionally, and in the alternative, undertook conduct recklessly with respect to Plaintiff and his federally protected rights, entitling him to recover back pay plus benefits, front pay, compensatory, and punitive damages against Defendant.

## COUNT V
### RETALIATION IN VIOLATION OF 42 U.S.C. § 1981

74. Plaintiff hereby incorporates each and every preceding paragraph as if set forth fully herein.

75. At all times material to this Complaint, Plaintiff and Defendant were parties to an employment agreement under which Plaintiff worked for CLUS, and Defendant compensated him for his work.

76. Plaintiff performed his contractual obligations.

77. In November and December 2015, Plaintiff complained of racial harassment and discrimination to David Guaragna, Vice President and Director of East Operations, and Dominic DiCiccio, General Counsel for CLUS.

78. 42 U.S.C. § 1981 prohibits Defendant from retaliating against Plaintiff for complaining about and/or opposing race discrimination and/or other conduct made unlawful under that statute.

79. The above-pled discriminatory conduct toward Plaintiff, including, but not limited to, termination of his employment constitutes unlawful retaliation against Plaintiff in the terms and conditions of his employment in violation of 42 U.S.C. § 1981.

80. As a direct and proximate result of Defendant's unlawful actions, Plaintiff has suffered lost compensation and other benefits of employment, emotional distress, inconvenience, loss of income, humiliation, and other indignities.

81. Defendant undertook its conduct intentionally and maliciously with respect to Plaintiff and his federally protected rights, or additionally, and in the alternative, undertook its conduct recklessly with respect to Plaintiff and his federally protected rights, entitling him to recover back pay plus benefits, front pay, compensatory, and punitive damages against it.

### COUNT VI
### RETALIATION IN VIOLATION OF TITLE VII

82. Plaintiff incorporates each and every preceding paragraph as if set forth fully herein.

83. Plaintiff engaged in statutorily protected activity within the meaning of Title VII when he complained of racial and sex discrimination and retaliation in April 2013 to David Guaragna and Dominic DiCiccio. Defendant unlawfully retaliated against Plaintiff, including, but not limited to, terminating his employment after he complained about discrimination.

84. Defendant's actions, in subjecting Plaintiff to retaliation for engaging in protected activity by complaining of, and opposing, racial discrimination in the workplace, constitutes unlawful intentional retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended.

85. As a result of Defendant's unlawful actions, Plaintiff has suffered emotional distress, inconvenience, loss of income and benefits, humiliation, and

other indignities compensable under Title VII, for which Defendant is liable. Plaintiff is also entitled to recover punitive damages from Defendant.

86. Defendant violated Title VII willfully, wantonly, and intentionally to harm Plaintiff and his federally protected rights.  Additionally, and in the alternative, Defendants acted with reckless disregard for Plaintiff and his federally protected rights.

## COUNT VII
### RETALIATION IN VIOLATION OF THE ADEA

87. Plaintiff incorporates each and every preceding paragraph as if set forth fully herein.

88. Mr. Smith engaged in protected activity under the ADEA when he complained of age discrimination to David Guaragna and Dominic DiCiccio in November and December 2015.

89. Defendant unlawfully retaliated against Plaintiff, including, but not limited to, terminating his employment after he complained about discrimination.

90. Defendant's actions, in subjecting Plaintiff to retaliation for engaging in protected activity by complaining of, and opposing, racial discrimination in the workplace, constitutes unlawful intentional retaliation in violation of the ADEA.

91. As a result of Defendant's unlawful actions, Plaintiff has suffered emotional distress, inconvenience, loss of income and benefits, humiliation, and other indignities compensable under the ADEA, for which Defendant is liable.

92. Defendant violated the ADEA willfully, wantonly, and intentionally to harm Plaintiff and his federally protected rights. Additionally, and in the alternative, Defendants acted with reckless disregard for Plaintiff and his federally protected rights.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands a **TRIAL BY JURY** and that the following relief be granted:

A. That this Court take jurisdiction of this matter;

B. That process be served;

C. That Plaintiff be awarded a declaratory judgment that Defendant violated the ADEA, Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et. seq.,* and 42 U.S.C. § 1981;

D. That this Court enter a permanent injunction, prohibiting Defendant from engaging in unlawful employment practices in violation of the ADEA, Title VII, and 42 U.S.C. § 1981;

E.      That the Court award Plaintiff back pay and all benefits, privileges, and rights previously denied under Title VII, the ADEA and 42 U.S.C. § 1981;

F.      That Plaintiff be reinstated to his former position with Defendant at the same pay rate, or in the alternative, front pay to compensate Plaintiff for lost future wages and benefits;

G.      That the Court award Plaintiff liquidated damages under the ADEA for Defendant's willful violation of the law;

H.      That the Court award compensatory and punitive damages under Title VII and 42 U.S.C. § 1981in an amount to be determined by the trier of fact;

I.      That the Court award Plaintiff his costs in this action and reasonable attorneys' fees;

J.      That the Court grant to Plaintiff the right to have a trial by jury on all issues triable to a jury; and

K.      That the Court grant such additional relief as the Court deems proper and just.

Respectfully submitted this 10th day of January, 2017.

BUCKLEY BEAL, LLP

s/ T. Brian Green
Edward D. Buckley
Georgia Bar No. 092750
edbuckley@buckleybeal.com

17

                                        T. Brian Green
                                        Georgia Bar No. 801098
                                        bgreen@buckleybeal.com

Promenade, Suite 900
1230 Peachtree Street, NE
Atlanta, Georgia  30309
Telephone:  (404) 781-1100
Facsimile:   (404) 781-1101

Attorneys for Plaintiff